IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| M.C., | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 1 : 18-CV-180 (TQL) |
| ANDREW SAUL | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**ORDER**

Plaintiff filed this Social Security appeal on September 17, 2018, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson*

*v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).   In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."   *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."   *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff filed applications for disability, Supplemental Security Income benefits in November 2013, alleging disability since August 6, 2012. (T-323-334, 380). Her claims were denied initially and upon reconsideration. (T-140-161, 207-214). Hearings were held before an ALJ in February 2016 and February 2017. (51-139). In a hearing decision dated June 1, 2017, the ALJ determined that Plaintiff was not disabled at any time between August 6, 2012 through the date of the decision, June 1, 2017. (T-14-35). The Appeals Council granted Plaintiff's request for review, and found that Plaintiff was disabled beginning June 1, 2017. (T-3-13).

*Statement of Facts and Evidence*

Plaintiff was 49 years of age at the time of the ALJ's decision. (T-380). Plaintiff alleges disability since August 6, 2012, due to dyslexia, a herniated disc in her lower back and neck, a torn meniscus in her left knee, spondylosis, and scoliosis. (T-380, 383). Plaintiff received her GED and has past relevant work experience as a veterinary technician. (T-384). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of lumbar spine degenerative disc disease status post fusion; lumbar spine osteoarthritis; cervical spine degenerative disc disease status post anterior cervical discectomy and fusion;

left knee osteoarthritis, status post arthroscopy for left medial meniscus tear; obesity; and major depressive disorder. (T-19). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing sedentary work activity with certain limitations. (T-20-26). The ALJ determined that Plaintiff could not return to her past relevant work. (T-26). The ALJ relied on the testimony of a Vocational Expert ("VE") to determine that there were jobs that existed in significant numbers in the national economy which Plaintiff could perform, and that she thus was not disabled. (T-27-28).

## DISCUSSION

Plaintiff contends that the ALJ improperly penalized Plaintiff for her inability to afford treatment. Plaintiff maintains that Worker's Compensation paid for much of her treatment for back and knee conditions, and after she became unable to work, she was left without health insurance. Plaintiff asserts that the ALJ should have discussed and accounted for this inability to afford treatment instead of diminishing the credibility of Plaintiff's subjective complaints because Plaintiff had little ongoing treatment. Plaintiff alleges that the ALJ failed to articulate explicit and adequate reasons for rejecting Plaintiff's subjective testimony, and that substantial evidence does not support the ALJ's evaluation of Plaintiff's subjective complaints.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.   20

C.F.R. § 404.1529(a).   Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c).   The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."   20 C.F.R. § 404.1529(c)(4).   If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled.   If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.   *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ found that

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
> . . .

(T-22). The ALJ then reviewed the records of Plaintiff's medical treatment and her subjective accounts of limitations, noting that Plaintiff worked between 1984 and 2012, and that she managed her household independently, including meal preparation, personal hygiene, shopping, and finances. In regard to her medical treatment, the ALJ found that Plaintiff reached maximum medical improvement following treatment for each of her injuries, resuming work duties with certain restrictions. (T-22-23). The ALJ noted that Plaintiff failed to return for follow-up treatment with general family medicine providers after treatment in 2014 and 2015,and concluded this "suggests her symptoms were not as

severe as alleged", and that she had had very little treatment for her alleged mental health issues. (T-23, 26).

The Court finds that the ALJ made a credibility finding which is supported by substantial evidence. The ALJ reviewed in detail the objective medical record and Plaintiff's testimony, and found that her statements were not supported by the objective medical record, to the degree of impairment alleged by Plaintiff. The ALJ did credit portions of Plaintiff's testimony to establish her RFC at the sedentary work level with restrictions and to find that she was unable to return to her past relevant work. The ALJ's conclusion that Plaintiff's allegations were not wholly supported by the objective record is supported by substantial evidence.

The record reflects that the ALJ based her decision largely on the objective medical record, not on Plaintiff's lack of treatment. "[A]ny adverse inferences that the ALJ may have improperly drawn from [Plaintiff's] lack of treatment did not constitute a primary or significant basis for the ALJ's findings, and do not constitute reversible error." *Beegle v. Social Sec. Admin., Com'r,* 482 F. App'x 483, 489 (11th Cir. 2012). *Cf. Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir. 2003) ("[W]hen an ALJ relies on noncompliance as the sole ground for denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment.").

To the extent that Plaintiff alleges that the ALJ improperly discredited Plaintiff's subjective testimony regarding her fibromyalgia symptoms based on an inconsistency with and a lack of objective medical findings, the ALJ cannot rely on a lack of objective evidence to discredit a fibromyalgia claimant's testimony. *Stewart v. Apfel*, 245 F.3d 793 (11th Cir. 2000). However, a review of Plaintiff's objective medical record reveals only a passing mention of fibromyalgia, which was not relied upon by Plaintiff as a basis of her disability and was not found to be a severe impairment.

(T-19). Moreover, a review of the ALJ's findings reveals that he did not rely on the absence of objective medical findings as the sole basis for discrediting Plaintiff's subjective complaints related to fibromyalgia, but looked to the inconsistencies between the complaints and the objective medical record and Plaintiff's daily activities. *See Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005) (ALJ did not rely on lack of objective evidence to discredit claimant's testimony, but on inconsistencies between daily activities and testimony). "As the ALJ provided a detailed factual basis for his credibility determination which did not turn on the lack of objective medical evidence documenting fibromyalgia, *Stewart* is unavailing to [Plaintiff]". *Id.* at 1212.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g). Plaintiff's Motion for Judgment on the Pleadings is **DENIED**. (Doc. 15).

**SO ORDERED**, this 24th day of August, 2020.

> s/ *Thomas Q. Langstaff*
> **UNITED STATES MAGISTRATE JUDGE**